**USDC Docket Number :**
**Natkunanathan v. United States et. al.**

FILED   COMPLAINT

2025 JAN -8  PM 2:33

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY____PD____

PAID

Related Cases

Sivatharan Natkunanathan
28 Urey Court,
Irvine, CA 92617
Phone: (909)-499-8371 (Voice Mail)
e-mail: sivanatkunanathan@gmail.com
*Pro-Se Plaintiff*

----------------------------------------------------------------------

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| **SIVATHARAN NATKUNANATHAN** ) | **Case Number:** |
| *Plaintiff* ) | |
| **v.** ) | **8:25-cv-00035-DOC (ADSx)** |
| **UNITED STATES OF AMERICA** ~~et al.~~ ) | **COMPLAINT** |
| *Defendant(s)* ) | |

----------------------------------------------------------------------

ORIGINAL

# **COMPLAINT**

The plaintiff files the instant FTCA action invoking jurisdiction in the district court under 28 USC §1346(b), and 28 USC §2671 et. seq..

The instant action pertains the negligent or wrongful acts or omissions by the clerk of the United States court of appeals for the ninth circuit ("court of appeals" or "9th Cir.") in filing the timely 'petition for rehearing', and motions pertaining thereto, in the case(s) 9th Cir. #19-73095, and 9th Cir. #19-80163, which has caused damages

USDC Docket Number :                                                                                COMPLAINT
Natkunanathan v. United States et. al.

to and loss of the plaintiff's antecedent tort claim[1] ("antecedent FTCA claim") in the said proceedings.

In support thereof, the plaintiff[2] respectfully states:

## STATEMENT OF FACTS

1. The plaintiff resided in the State of California at the time of initiating proceedings of 9th Cir. #19-73095, and 9th Cir. #19-80163, in the court of appeals, at all times during proceedings of the antecedent tort claim, and at the time(s) of the wrongful acts or omissions.[3]

2. The petitioner's submission for filing of a timely petition for rehearing, and motions pertaining thereto, have not been acted upon by the Judges of the court of appeals in the petition for rehearing proceedings [hearing of the petition for rehearing in 9th Cir. #19-73095, and 9th Cir. #19-80163;  excluding therewithin

---

[1] Where a copy of the antecedent tort claim ("antecedent claim", "First Property", "first property", or "FP") is found in the whole of the 'Supplemental Excerpts of Record II' ("SERII"; docket[1] entry #20), and page SERIII-1 to 9 of 'Supplemental Excerpts of Record III' ("SERIII"; docket[1] entry #28); *See* also Administrative Record III filed herewith.

[2] Where the plaintiff is also referred to as appellant, petitioner, plaintiff-appellant, or claimant; and the defendant is also referred to as appellee, respondent, defendant-appellee, or United States;

[3] The plaintiff resided in the State of California since December of 1990 until present, except for a temporary residence in the State of Arizona from November 2002 to September 2003;

 The plaintiff herein is disregarding brief visits abroad since the year 2003 – relevant to this action;

the petition for a writ of mandamus proceedings with 9th Cir. #24-00049] of the court of appeals - due to the filing ("docketing") errors by the clerk of the court of appeals.

3. The said mistakes by the clerk of the court of appeals is a negligent or wrongful act or omission, arising from a ministerial duty of docketing a timely petition for rehearing and motions pertaining thereto, in the court of appeals.

4. The said negligent or wrongful acts or omissions giving rise to the FTCA claim for damages to, and loss of property - the said property consisting of claims allocable to the United States under 28 USC §2671 et. seq., and 28 CFR §14.4(c). *See* Administrative Record I, and II, filed herewith.

## STATEMENT OF THE TORT AND FACTS[4]

I.    **The ministerial tort(s) in proceedings of the Petition for Rehearing in 9th Cir. #19-73095**

---

[4] Where, "**docket[1]**" corresponds to the docket sheet of 9th Cir. #15-56769;
"**docket[2]**" corresponds to the docket sheet of 9th Cir. #15-73334;
"**docket[3]**" corresponds to the docket sheet of 9th Cir. #19-73095;
"**docket[4]**" corresponds to the docket sheet of 9th Cir. #19-80163; and
"**docket[5]**" corresponds to the docket sheet of 9th Cir. #24-00049;

The docket entries of the afore cited case(s) and/or proceeding(s) are incorporated herein by reference;

The court of appeals entered a panel judgment January 24th, 2020 (docket[3] entry #5; 1AR-38 thru 39) denying the Petition for an Extraordinary Writ filed December 18th, 2019 [docket[3] entry #3; original filed December 5th, 2019] in 9th Cir. #19-73095. The petitioner filed a timely 'petition for rehearing' thereof (requesting rehearing en banc) March 9th, 2020, which the clerk of the court of appeals erroneously docketed with a deficiency stating "no further filings will be accepted in this closed case per 01/24/2020 order" (docket[3] entry #7). The aforesaid is a ministerial tort since the filing of a timely 'petition for rehearing', and motions pertaining thereto, is a ministerial act.

The administrative FTCA claim also pertains, among other things, to the rehearing proceedings consisting of, (i) the 'petition for rehearing', (ii) motions pertaining thereto (filed in reversing the docketing errors by the clerk), and (iii) the original application(s) to Senior Circuit Judge Fernandez pertaining thereto.

The plaintiff states that the docketing ministerial error(s) by the clerk first occurred in filing of the timely petition for rehearing March 9th, 2020, and was continuing on every instance the petitioner submitted for filing an original or copy of a motion or application in an envelope addressed to the clerk of the court of appeals in the rehearing proceedings of 9th Cir. #19-73095.

The petition for rehearing of 9th Cir. #19-73095 which requested, among other things, adjudication[5] of the antecedent tort claim - has been damaged and lost – due to the ministerial errors in docketing by the clerk of the court of appeals.  The ministerial torts still standing –despite the petitioner's efforts at correcting the ministerial errors in proceedings of the court of appeals- entitles claimant to the damages and losses claimed in the administrative FTCA claim (SF-95_2), with a basis in proceedings of the antecedent FTCA claim (SF-95_1).

*See* the docket sheet of 9th Cir #19-73095 (1AR-33 thru 37).[6]  *See* also docket[3] entry #36 for SERVIII.[7]

## II. The ministerial tort(s) in proceedings of the Petition for Rehearing in 9th Cir. #19-80163

The court of appeals entered a panel judgment January 22nd, 2020 (docket[4] entry #6; 1AR-45 thru 46) denying the Petition for an Extraordinary Writ filed December 5th, 2019 [docket[4] entry #2] in 9th Cir. #19-80163.  The petitioner filed a timely 'petition for rehearing' thereof (requesting rehearing en banc) March 9th, 2020

---

[5] Docket[1] entry #30, and comprising #48, of 9th Cir. #15-56769;

[6] All material in the docket[3] sheet of 9th Cir. #19-73095 are incorporated herein by reference;

[7] **'SUPPLEMENTAL EXCERPTS OF RECORD VIII'** ("SERVIII") dated, submitted, and received for filing December 4th, 2023 ["APPENDIX I"] as a reference for the mandamus proceedings [later assigned 9th Cir. #24-00049], consists relevant filings made in proceedings of the petition for rehearing ("PFR[3]") filed March 9th, 2020 [docket[3] entry #7];

(docket[4] entry #8 that states a deficiency of "None") which according to the docket entry inferred pending status in the court of appeals.  However, the petitioner's filing of the timely amended 'petition for rehearing' (docket[4] entry #9), and motions pertaining thereto, in proceedings of the 'petition for rehearing' have been erroneously docketed by the clerk stating a deficiency to the effect of "case closed. no further filings per 01/22/20 order".[8]  The aforesaid is a ministerial tort, since the filing of a timely 'petition for rehearing', and motions pertaining thereto, is a ministerial act.

The administrative FTCA claim also pertains, among other things, to the rehearing proceedings consisting of, (i) the 'petition for rehearing', (ii) motions pertaining thereto (filed in reversing the docketing errors by the clerk), and (iii) the original application(s) to Senior Circuit Judge Fernandez pertaining thereto.

The plaintiff states that the docketing ministerial error(s) by the clerk first occurred in filing of the timely (amended) petition for rehearing March 30th, 2020 (docket[4] entry #9), and was continuing on every instance the petitioner submitted for filing an original or copy of a motion or application in an envelope addressed to the clerk of the court of appeals in the rehearing proceedings of 9th Cir. #19-80163.

---

[8] Rule-making power of circuit court under enabling act does not authorize expansion or contraction of jurisdiction conferred by statute. *See* 28 USC §2071 et. seq. [with emphasis on 28 USC §2071(c)(2) pertaining 9th Circuit Rule 21-1];

The petition for rehearing of 9th Cir. #19-80163 which requested, among other things, a finding of unauthorized inspection of the petitioner's tax returns during the time the commissioner was prohibited from inspecting (during the petition for rehearing proceedings in the Supreme Court), and an enjoining of proceedings with proceedings of 9th Cir. #19-73095 in adjudication[9] of the antecedent tort claim – has been incapacitated or damaged and lost – due to the ministerial errors in docketing by the clerk of the court of appeals.  The ministerial torts still standing –despite the petitioner's efforts at correcting the ministerial errors in proceedings of the court of appeals- entitles claimant to the damages and losses claimed in the administrative FTCA claim (SF-95_2), with a basis in proceedings of the antecedent FTCA claim (SF-95_1).

*See* the docket sheet of 9th Cir #19-80163 (1AR-40 thru 44).[10]  *See* also docket[4] entry #28 for SERIX.[11]

III.   The antecedent proceedings of 9th Cir. #19-73095

The antecedent proceedings of 9th Cir. #19-73095 is 9th Cir. #15-56769.

---

[9] Docket[1] entry #30, and comprising #48, of 9th Cir. #15-56769;

[10] All material in the docket[4] sheet of 9th Cir. #19-80163 are incorporated herein by reference;

[11] **'SUPPLEMENTAL EXCERPTS OF RECORD IX'** ("SERIX") dated, submitted, and received for filing December 4th, 2023 ["APPENDIX II"] as a reference for the mandamus proceedings [later assigned 9th Cir. #24-00049], consists relevant filings made in proceedings of the petition for rehearing ("PFR[4]") filed March 9th, 2020 [docket[4] entry #8];

In 9th Cir. #15-56769, the court of appeals upon a de novo review entered a panel judgment April 24th, 2017 affirming the district court's order. The appellant filed a timely petition for rehearing for an en banc rehearing June 29th, 2017 [docket[1] entry #31; original filed June 8th, 2017]. The court of appeals entered a panel judgment denying the rehearing December 7th, 2017.

The petitioner thereupon filed[12] a petition for an extraordinary writ, for reversal of the judgment and order on errors of law, that was assigned docket number 9th Cir. #19-73095. *See* the amended Petition (docket[3] entry #3), and Appendix ("SERVI") thereto dated and filed December 5th, 2019 (docket[3] entry #1).

The claims in the appellate proceedings of 9th Cir. #15-56769 [arising from the district court] continued in the court of appeals, (i) throughout until its decision on the petition for rehearing December 7th, 2017; in proceedings of the petition for an extraordinary writ with 9th Cir. #19-73095 (ii) from December 5th, 2019 to the first instance of the ministerial tort March 9th, 2020 (docket[3] entry #7); (iii) during the application to Judge Fernandez (requesting correcting of the docketing errors) was pending with the judge from December 3rd, 2020 (docket[3] entry #20) until the mandamus decision;  and (4) during proceedings of 9th Cir. #24-00049 until the

---

[12] Original dated, submitted, and received, for filing December 5th, 2019;

mandamus decision February 28th, 2024.  Therefore, the antecedent FTCA claim, and proceedings pertaining thereto, is not untimely in this action.

### IV.   The antecedent proceedings of 9th Cir. #19-80163

The antecedent proceedings of 9th Cir. #19-80163 is 9th Cir. #15-73334.

In 9th Cir. #15-73334, the court of appeals upon a review entered a panel judgment April 25th, 2017 affirming the tax court judgment.  The appellant filed a timely petition for rehearing for an en banc rehearing June 29th, 2017 [docket[2] entry #63; original filed June 8th, 2017].  The court of appeals entered a panel judgment denying the rehearing December 7th, 2017.

The petitioner thereupon filed[13] a petition for an extraordinary writ (on December 5th, 2019), for reversal of the judgment and order on errors of law, that was assigned docket number 9th Cir. #19-80163.  *See* the Petition (docket[4] entry #2) and Appendix ("SERVII") thereto dated and filed December 5th, 2019 (docket[4] entry #1).

The claims in the appellate proceedings of 9th Cir. #15-73334 [arising from the tax court] continued in the court of appeals, (i) throughout until its decision on the petition for rehearing December 7th, 2017; in proceedings of the petition for an

---

[13] dated, submitted, and received, for filing December 5th, 2019;

extraordinary writ with 9th Cir. #19-80163 (ii) from December 5th, 2019 to the first instance of the ministerial tort March 30th, 2020 (docket[4] entry #9); (iii) during the application to Judge Fernandez (requesting correcting of the docketing errors) was pending with the judge from December 30th, 2020 (docket[4] entry #17) until the mandamus decision;  and (4) during proceedings of 9th Cir. #24-00049 until the mandamus decision February 28th, 2024.  Therefore, the antecedent FTCA claim proceedings, and the antecedent FTCA claim, is not untimely in this action.

## V.    The petition for a writ of mandamus

The plaintiff filed a petition for a writ of mandamus which requested an en banc hearing to compel the clerk of the court of appeals to correct the errors in the docket sheet(s) in filing of the petition for rehearing, and motions pertaining thereto, in 9th Cir. #19-73095, and 9th Cir. #19-80163, for adjudicating the merits of the lead case 9th Cir. #19-73095, and its supplemental case 9th Cir. #19-80163, in proceedings of the court of appeals.[14]  *See* section (iii) in page 7 and 8 of the petition (page 16 and 17 of 43 in docket[5] entry #1).

The said petition for a writ of mandamus, APPENDIX I, and APPENDIX II thereto, submitted to and received by the clerk for filing December 4th, 2023, was

---

[14] A 'collateral proceeding':  A proceeding brought to address an issue incidental to the principal proceeding.  *See* Black's Law Dictionary p.1324 (9th ed. 2009);

eventually docketed after motions to the court requesting docketing of the petition, APPENDIX I, and APPENDIX II thereto.  The docket for the petition for a writ of mandamus was assigned 9th Cir. #24-00049 [1AR-47 thru 48];  the APPENDIX I, and APPENDIX II, was docketed respectively under 9th Cir. #19-73095, and 9th Cir. #19-80163.[15]  The objective on the petition for a writ of mandamus[14] was to compel the clerk of the court of appeals to correct the docketing errors in the docket sheet(s) of 9th Cir. #19-73095 and 9th Cir. #19-80163, for adjudicating the merits of the lead case 9th Cir. #19-73095, and its supplemental case 9th Cir. #19-80163, in the rehearing proceedings thereof by an en banc court of appeals.

---

[15] where,

(1) SERI is 'SUPPLEMENTAL EXCERPTS OF RECORD I' (found in docket[1] entry #14, #20);

(2) SERII is 'SUPPLEMENTAL EXCERPTS OF RECORD II' (found in docket[1] entry #14, #20);

(3) SERIII is 'SUPPLEMENTAL EXCERPTS OF RECORD III' (found in docket[1] entry #28);

(4) SERIV is 'SUPPLEMENTAL EXCERPTS OF RECORD IV' (found in docket[1] entry #33);

(5) SERV is 'SUPPLEMENTAL EXCERPTS OF RECORD V' (found in docket[1] entry #35);

(6) SERVI is 'SUPPLEMENTAL EXCERPTS OF RECORD VI' (found in docket[3] entry #1);

(7) SERVII is 'SUPPLEMENTAL EXCERPTS OF RECORD VII' (found in docket[4] entry #1);

(8) SERVIII is 'SUPPLEMENTAL EXCERPTS OF RECORD VIII' (docket[5] entry #1;  found in record shelves per docket[3] entry #36); and

(9) SERIX is 'SUPPLEMENTAL EXCERPTS OF RECORD IX' (docket[5] entry #1; found in record shelves per docket[4] entry #28);

A panel of judges issued order February 28, 2024 [1AR-49 thru 51] denying the petition for a writ of mandamus to compel the clerk to correct the filing (docketing) errors in 9th Cir. #19-73095 and #19-80163. The ministerial error(s) by the clerk of the court of appeals in 9th Cir. #19-73095, and 9th Cir. #19-80163, still stands regardless of the denial of the petition for a writ of mandamus.

The claimant, upon the court of appeals having not corrected the filing (docketing) errors by the clerk in the lead case 9th Cir. #19-73095, and its supplemental case 9th Cir. #19-80163, presented the tolled administrative FTCA claim dated March 4th, 2024 - within days of its mandamus decision February 28th, 2024. Since the filing (docketing) errors by the clerk was not corrected by the mandamus order, the ultimate objective of the petitioner for an enjoining of proceedings of 9th Cir. #19-80163, with proceedings of 9th Cir. #19-73095, in adjudicating [docket[1] entry #30, and comprising **#48**] of the antecedent FTCA claim sought in proceedings of 9th Cir. #19-73095 has been damaged and lost – entitling claimant to the tolled administrative FTCA claim based upon the ministerial tort(s) by the clerk of the court of appeals.

### The administrative FTCA claim was tolled

The claimant states that the administrative FTCA claim was statutorily and/or equitably tolled, during the time the petitioner's application(s) to Senior Circuit

Judge Fernandez (seeking correction of the filing errors by the clerk in the docket sheet of 9th Cir. #19-73095, and 9th Cir. #19-80163) was pending with the judge (whether construed as a 28 USC §1651(b) application or otherwise).

The claimant cites the (Federal Rules of Appellate Procedure for the Ninth Circuit) circuit advisory committee note to Rule 27-1 (2) on motions acted on by a single judge which states in pertinent part that '..under FRAP 27(c), a single judge may grant or deny any motion..', and 'in addition, some types of motions may be ruled on by a single judge by virtue of a particular rule or statute'. The petitioner's application(s), and motions(s), to Judge Fernandez in correcting the docketing errors by the clerk of the court of appeals in filing the 'petition for rehearing' in 9th Cir. #19-73095, and 9th Cir. #19-80163 -in adjudicating the antecedent FTCA claim- was therefore justified.

The plaintiff stating that the application(s), and motion(s), seeking correction of the filing (docketing) errors by the clerk was pending with Judge Fernandez since the time of filing thereof with the judge - until the mandamus decision February 28th, 2024 - there having been no denial of the application(s) nor motion(s) by Judge Fernandez.

**The application with Judge Fernandez in 9th Cir. #19-73095 tolls the statute**

The plaintiff submitted an application to Judge Fernandez dated December 3, 2020 for correcting the filing (docketing) errors by the clerk (docket[3] entry #20; the docket entry stating that the clerk received notice of the filing; 1AR-33 thru 37). A copy of the application was delivered in a sealed envelope addressed to the Judge – and there has been no denial of the application by the judge.

The plaintiff also submitted the original, and three copies, of an application by delivering the contents in a sealed envelope addressed to Judge Fernandez on March 8th, 2021 (docket[3] entry #21); a copy of the application was also submitted to the clerk in an envelope addressed thereto.

The plaintiff states that the aforesaid applications [docket[3] entry #20, and #21] were pending with Judge Fernandez since the date of submission thereto in 9th Cir. #19-73095. There was no denial of the application(s) by the judge. The pending status of the aforesaid application(s) gives claimant the right to toll the statute of limitations for filing the administrative FTCA claim.

The plaintiff also submitted the original, and three copies, of the motion(s) dated July 26, 2021 (docket entry #23), September 2, 2021 (docket entry #25), January 20, 2022 (docket entry #27), August 22, 2022 (docket entry #30), December 5, 2022 (docket entry #32), and September 11, 2023 (docket entry #34), in a sealed

envelope(s) addressed to Judge Fernandez [renewing the application (docket[3] entry #20) with the Judge] for reversing the docketing errors by the clerk in the proceedings of rehearing. A copy of each of the filing(s) was also submitted to the clerk in an envelope addressed thereto. *See* 'Face Letter'(s) in SERVIII (docket[3] entry #36).

The plaintiff wherein states that the statute of limitations for filing the administrative FTCA claim was tolled while the application(s) and motion(s) were pending with Judge Fernandez in 9th Cir #19-73095 since on or about December 3rd, 2020 - until the order February 28, 2024 [1AR-49 thru 51] in 9th Cir. #24-00049 that states all pending motions are denied in the order.

**The application to Judge Fernandez in 9th Cir. #19-80163 also tolls the statute**

The plaintiff submitted an application to Judge Fernandez dated December 30th, 2020 for correcting the filing (docketing) errors by the clerk of the court of appeals (docket[4] entry #17; the docket entry stating that the clerk received notice of the application; 1AR-40 thru 44). The claimant also submitted a correction thereto January 20th, 2021 (docket[4] entry #18). A copy of the application(s) was delivered in a sealed envelope addressed to the Judge – and there has been no denial of the application by the judge.

The plaintiff also submitted the original, and three copies, of an application by delivering the contents in a sealed envelope addressed to Judge Fernandez on March 8th, 2021 (docket[4] entry #19);  a copy of the application was also submitted to the clerk in an envelope addressed thereto.

The plaintiff states that the aforesaid applications [docket[4] entry #17, #18, and #19] were pending with Judge Fernandez since the date of submission thereto in 9th Cir. #19-80163.  The pending status of the aforesaid application(s), also giving claimant the right to toll the statute of limitations for filing the administrative FTCA claim. *See* Olson v. County of Sacramento, 38 Cal. App. 3d 958 (3rd DCA 1974) for tolling interrelated proceedings.

The plaintiff also submitted the original, and three copies, of the motion(s) dated July 26, 2021 (docket entry #22), September 2, 2021 (docket entry #23), January 20, 2022 (docket entry #26), June 27, 2022 (docket entry #27), December 5, 2022 (docket entry #not found), in a sealed envelope(s) addressed to Judge Fernandez [renewing the application (docket[4] entry #17) with the Judge] for reversing the docketing errors by the clerk in the proceedings of rehearing.  A copy of each of the filing(s) was also submitted to the clerk in an envelope addressed thereto. *See* 'Face Letter'(s) in SERIX (docket[4] entry #28).

The plaintiff wherein states that the administrative FTCA claim was tolled while the application(s) and motion(s) were pending with Judge Fernandez in 9th Cir #19-80163 since on or about December 30th, 2020 - until the order February 28, 2024 [1AR-49 thru 51] in 9th Cir. #24-00049 that states all pending motions are denied in the order.

The petitioner, upon the petition for a writ of mandamus -to compel the clerk of the court of appeals to correct the filing [docketing] errors (in adjudicating of the rehearing proceedings of 9th Cir. #19-73095, and 9th Cir. #19-80163)- denied by a panel order of the court of appeals February 28th, 2024 (1AR-49 thru 51), without change in the status quo of the ministerial error(s), presented the tolled administrative FTCA claim with Form SF-95 (SF-95_2) dated March 4th, 2024.

## The administrative FTCA claim

5. The plaintiff mailed with means of the USPS (for next day delivery) the administrative FTCA claim with Form SF-95 ("SF-95_2") dated March 4th, 2024. 1AR-4 thru 288;  and 3AR-397 thru 661.

6. The administrative FTCA claim was delivered to the (i) Attorney General of the United States ("AGUS") March 6th, 2024, and has been filed therewith.    2AR-298 thru 301.

7. The administrative FTCA claim was delivered, after postal delays, to (ii) Judge Ferdinand F. Fernandez of the United States court of appeals for the ninth circuit March 7th, 2024.   2AR-294 thru 297.

8. The claimant also submitted a copy of the administrative FTCA claim dated March 4th, 2024, titled "Substitute Original", addressed to (iii) Judge Wallace A. Tashima of the United Staes court of appeals for the ninth circuit on March 7th, 2024, due to the unanticipated mail delivery delays.  The said submission was delivered to the clerk of the United States court of appeals for the ninth circuit the same day March 7th, 2024.   2AR-302 thru 304.

9. The plaintiff also mailed with means of the USPS a 'Corrections to FORM SF-95 dated March 4th, 2024' dated March 18th, 2024 [2AR-293 thru 305; 2AR-306 thru 349].  The aforesaid was presented within twenty-one (21) days consisting mostly of vocabulary and grammatical corrections (without change in the amount claimed) and relates back to the date of the administrative FTCA claim dated March 4th, 2024 under FRCP Rule 15 [specifically FRCP Rule 15(c)(1)(B)].  The said correction was delivered respectively to, (i) the AGUS [March 25th, 2024; and has been filed therewith], (ii) Judge Fernandez [March 20th, 2024], and (iii) Judge Tashima [March 19th, 2024].   2AR-374 thru 381.

10. The submission(s) of the administrative FTCA claim dated March 4th, 2024 to (ii) Judge Fernandez, and (iii) Judge Tashima, was returned [except for the

copy(s) of the SERII (originally under seal in docket[1] entry #20 of 9th Cir. #15-56769), and SERIII-1 thru 9] by the court of appeals with a letter dated March 13, 2024 [2AR-351 thru 353]. The claimant received in hand the returned administrative FTCA claim dated March 4th, 2024 during a business trip out-of-town on April 3rd, 2024.

11. All of the court of appeals returned administrative FTCA claim dated March 4th, 2024 was mailed to the Office of the General Counsel, Administrative Office of the United States Courts, through USPS mail on April 5th, 2024. The said mailing was delivered thereto April 11th, 2024. 2AR-350 thru 358; 2AR-382 thru 385. A copy of the 'Face Letter' was also mailed to the AGUS. 2AR-350 thru 358; 2AR-383.

12. The submission(s) of the 'Corrections to FORM SF-95 dated March 4th, 2024' dated March 18th, 2024 [2AR-293 thru 305; 2AR-306 thru 349] to (ii) Judge Fernandez, and (iii) Judge Tashima, was returned by the court of appeals with respective letters dated March 25, 2024 [2AR-360 thru 366], and March 20, 2024 [2AR-367 thru 373]. The plaintiff received in hand the returned " 'Corrections to FORM SF-95 dated March 4th, 2024' dated March 18th, 2024" during a business trip out-of-town on April 19th, 2024.

13. All of the returned " 'Corrections to FORM SF-95 dated March 4th, 2024' dated March 18th, 2024" was mailed to the Office of the General Counsel,

Administrative Office of the United States Courts, through USPS mail on April 22nd, 2024. The said mailing was delivered thereto April 25th, 2024. 2AR-359 thru 386; 2AR-387 thru 391. A copy of the Face Letter was also mailed to the AGUS April 22nd, 2024, and delivered thereto April 29th, 2024. 2AR-359 thru 386; 2AR-387 thru 391.

14. The plaintiff states that the tolled administrative FTCA claim dated March 4th, 2024, delivered to the AGUS March 6th, 2024 [1AR-4 thru 288, and 3AR-397 thru 661; 2AR-298 thru 301] - without more - is timely [among others under 28 USC §1658(a)].

15. The plaintiff also states that the corrections thereto [without change in the amount claimed] dated March 18th, 2024 (2AR-293 thru 305; 2AR-306 thru 349) delivered to the AGUS March 25th, 2024 (2AR-374 thru 375; and 2AR-378 thru 379) is also timely, relating back to the date of the administrative FTCA claim dated March 4th, 2024 under FRCP Rule 15(c)(1)(B). *See* also FRCP Rule 15(a)(1)(A).

16. The plaintiff has not received any letter pertaining a decision on his administrative FTCA claim by certified or registered mail from the court of appeals or otherwise [28 USC §2675(a)], and is instituting this action after six (6) months of presenting the administrative FTCA claim.

## The claim on Form SF-95 (SF-95_2)

The Form SF-95_2 dated March 4th, 2024 (1AR-5 thru 6) consists only of the claim for damage to and loss of property that was recoverable by the claimant had the ministerial tort(s) by the clerk of the court of appeals had not occurred.

The damages (including losses) whereof, consists, (i) the antecedent tort claim on for SF-95 ("SF-95_1"; 3AR-445 thru 446), and additionally, (ii) continuing damages (including losses) during proceedings thereof, (iii) inflation adjustment to the time of presenting the administrative FTCA claim dated March 4th, 2024, and (iv) prejudgment interest, upon intervening circumstances in proceedings of the antecedent FTCA claim ("SF-95_1"), all of which were recoverable in proceedings of the lead case 9th Cir. #19-73095, and its supplemental case #19-80163, if not for the ministerial tort(s) in the court of appeals.

**(i)    The property damaged and/or lost.**

If not for the ministerial tort(s) in the court of appeals, the antecedent FTCA claim (SF-95_1) was recoverable in proceedings of the cases [9th Cir. #19-73095, and 9th Cir. #19-80163] of the court of appeals.  The recovery was not limited to the antecedent FTCA claim, but includes any damages, and losses, due to intervening circumstances [including intervening facts] in proceedings of the antecedent FTCA claim [28 USC §2675(b)].  The claimant wherein is claiming the damages and/or

losses of the antecedent FTCA claim,[16] after including the intervening facts [1AR-52 thru 71] recoverable in proceedings of the antecedent FTCA claim (if not for the ministerial torts in the court of appeals) as provided by law.

**(ii)    The intervening damages and/or losses of the antecedent tort claim**

The statute on intervening facts states in pertinent part, that

'Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.'  28 USC §2675(b).

The claimant presented his antecedent FTCA claim[16] to the clerk of the United States Supreme Court, and the Solicitor General of the United States, among others, which consisted of damages and/or losses until June 7th, 2015.  The claimant's claimed damages and/or losses of the antecedent FTCA claim continued, without change in circumstances of the claimant, during proceedings thereof.  The claimant whereof adduced intervening facts to the antecedent FTCA claim in claiming the

---

[16] *See* SERII, and SERIII-1 thru SERIII-9, for a copy of the antecedent tort claim ("antecedent tort claim");  The antecedent tort claim is also referred to as "SF-95(1)", and "SF-95_1";  *See* Administrative Record III submitted herewith;

intervening damages and/or losses allocable to the United States, and updated the calculations upon the intervening facts, and circumstances.

See Exhibit F [1AR-136 thru 145], G [1AR-146 thru 155], and H [1AR-156 thru 287], among others, which presents accounting of the intervening costs, expenses, and Legal Costs (damages including losses) [until presenting the administrative FTCA claim with Form SF-95_2].

The intervening circumstances entitling the claimant to calculations of allocability to 'US', commensurate to that shown in 'US1', 'SC1', and 'SC2', in the antecedent FTCA claim – upon having presented the claim against the United States in 9th Cir. #15-56769 in proceedings thereof.

**(iii)    The inflation adjustment of the antecedent tort claim**

If not for the ministerial tort(s) in the court of appeals, inflation adjustment was recoverable in proceedings of the case(s) [9th Cir. #19-73095, and 9th Cir. #19-80163] of the court of appeals. The claimant wherein claimed the inflation adjusted rate (at the time of presentment of the administrative FTCA claim) as provided for by law. See IRB 2023-48 [§3.61 (for the market rate); and §4.02 (for transactions or events occurring in calendar year 2024)].

**(iv)    The prejudgment interest of the antecedent tort claim**

If not for the ministerial tort(s) in the court of appeals, prejudgment interest was recoverable upon the antecedent FTCA claim in proceedings of the case(s) [9th Cir. #19-73095, and 9th Cir. #19-80163] of the court of appeals. The claimant wherein is claiming the daily compounded pre-judgment interest at 10% per annum as provided by law. *See* among others, docket[3] entry #15.

## LEGAL ANALYSIS

### I.    The petition for rehearing in 9th Cir. #19-73095 is a matter of right and was timely filed.

The petitioner filed in the court of appeals the petition for rehearing in the case 9th Cir. #19-73095 on March 9th, 2020 (docket[3] entry #7). The said petition for rehearing was filed within forty-five (45) days of the panel order of the court of appeals filed January 24th, 2020 (docket[3] entry #5). A timely petition for rehearing of the panel order of the court of appeals, gives petitioner the right to contest the said panel order (docket[3] entry #5) including what is written therein. As such, a timely filing of a petition for rehearing (docket[3] entry #7) is not a matter of grace, but of right, in contesting the panel order of the court of appeals filed January 24th, 2020 (docket[3] entry #5).

The clerk of the court of appeals has therefore made ministerial errors in filing (docketing) of the petition for rehearing (docket[3] entry #7; amended March 30th,

2020 [docket[3] entry **#8, and #9**]), and papers pertaining thereto, in 9th Cir. #19-73095 - which are ministerial torts.

A ministerial tort because Circuit Rule 21-1 on 'Extraordinary Writs' states that 'Petitions for extraordinary writs shall conform to and be filed in accordance with the provisions of FRAP 21(a)'; and FRAP 21(a)(3) states in pertinent part that '..the clerk must docket the petition and submit it to the court'.

## II.     The petition for rehearing in 9th Cir. #19-80163 is a matter of right and was timely filed.

The petitioner filed in the court of appeals a petition for rehearing in the case 9th Cir. #19-80163 on March 9th, 2020 (docket[4] entry #8). The said petition for rehearing was filed within forty-five (45) days of the panel order of the court of appeals filed January 22nd, 2020 (docket[4] entry #6). A timely petition for rehearing of the panel order of the court of appeals, gives petitioner the right to contest the said panel order (docket[4] entry #6) including what is written therein. As such, a timely filing of a petition for rehearing (docket[4] entry #8) is not a matter of grace, but of right, in contesting the panel order of the court of appeals filed January 22nd, 2020 (docket[4] entry #6).

The plaintiff states, that the clerk of the court of appeals has docketed the petition for rehearing (docket[4] entry #8) without error; wherein the petition for

rehearing in 9th Cir. #19-80163 showed an inference of pending in the docket sheet of the court of appeals [1AR-43].

The petitioner also amended the petition for rehearing (docket[4] entry #8), as a matter of course within twenty-one (21) days, with the filing in the court of appeals of an amended petition for rehearing March 30th, 2020 (docket[4] entry #10, **#9**). *See* FRCP Rule 15 for an amendment of a pleading ('petition') as a matter of course within twenty-one (21) days [FRCP Rule 15(a)(1)(A)] and relation back of an amendment [FRCP Rule 15(c)(1)(B)].  The amended petition for rehearing filed March 30th, 2020 (docket[4] entry #10, **#9**) therefore, is a timely amendment of the petition for rehearing filed March 9th, 2020 (docket[4] entry #8).

The plaintiff states, that the clerk of the court of appeals has made a ministerial error(s) in docketing the amended petition for rehearing, by stating in the docket sheet [docket[4] entry #10, **#9**] under deficiencies 'NAN per 1/22/20 order' – the (panel) order which was being contested with the petition for rehearing (docket[4] entry #8; amended March 30th, 2020 [docket[4] entry **#10, and #9**]) in the rehearing proceedings of 9th Cir. #19-80163.

The clerk of the court of appeals has therefore made ministerial errors in filing (docketing) of the petition for rehearing, and papers pertaining thereto, in 9th Cir. #19-80163 - which are ministerial tort(s).

### III. The statute of limitations is tolled.

The claimant states that the statute of limitations for filing the FTCA claim was tolled during the time the application to Senior Circuit Judge Fernandez was pending with the judge since on or about December 3rd, 2020 (docket[3] entry #20) in 9th Cir. #19-73095.  The tolling also continued during the time an original application, and original motions, (docket[3] entry #21 thru #35) were filed and pending with Judge Fernandez in proceedings of the application (docket[3] entry #20) for correcting the filing errors in the docket sheet of 9th Cir. #19-73095 in adjudicating the antecedent FTCA claim in the rehearing proceedings of the court of appeals.

Similarly, the claimant states that the statute of limitations for filing the FTCA claim was also tolled during the time the application to Senior Circuit Judge Fernandez was pending with the judge since on or about December 30th, 2020 (docket[4] entry #17) in 9th Cir. #19-80163. The tolling also continued during the time an original application, and original motions, (docket[4] entry #19 thru #27) were filed and pending with Judge Fernandez in proceedings of the application (docket[4] entry #17) for correcting the filing errors in the docket sheet of 9th Cir. #19-80163 – in adjudicating, among others, of the antecedent FTCA claim in the rehearing proceedings (of 9th Cir. #19-73095) of the court of appeals.

The plaintiff wherein states that the administrative FTCA claim is timely upon tolling of the statute of limitation for filing thereof - upon the application(s) and motion(s) pending with Judge Fernandez since on or about December 3rd, 2020 in 9th Cir. #19-73095, and since on or about December 30th, 2020 in 9th Cir. #19-80163.

The claimant wherein presented the administrative FTCA claim dated March 4th, 2024, upon denial February 28th, 2024 [1AR-49 thru 51] of the petition for a writ of mandamus to compel the clerk to correct the filing errors in 9th Cir. #19-73095 and 9th Cir. #19-80163.

The administrative FTCA claim submitted on March 4th, 2024 is found in Administrative Record I.

A copy of the antecedent FTCA claim is found in (i) Administrative Record III, (ii) in proceedings of the lead case 9th Cir. #15-56769, and 9th Cir. #19-73095; (iii) in proceedings of the supplemental case 9th Cir. #15-73334, and 9th Cir. #19-80163; and (iv) in proceedings of 9th Cir. #24-00049.

The plaintiff also states that he has requested, and requests, for dropping the fraudulent misrepresentation claim in proceedings of the antecedent FTCA claim [3AR-611], and the administrative FTCA claim [1AR-155].

## CLAIMS FOR RELIEF

The plaintiff respectfully requests the trial judge,

1. for allowance of the claim for damages and losses in FORM SF-95 ("SF-95_2") as provided by law and fact;

2. for allowance of continuing interests of the damages claim, at the same rate in the administrative FTCA claim, to the time of payment;

3. for allowance of any further relief that the court deems proper as provided by law and fact – including inflation adjustment to the time of judgment or otherwise; and

4. for conclusion of proceedings of this case in this court.

Respectfully Submitted by Plaintiff,

Dated: January 8th, 2025          Signed: /s/ Sivatharan Natkunanathan

SIVATHARAN NATKUNANATHAN

*Pro-Se Plaintiff*

28 Urey Court, Irvine, CA 92617

# STATEMENT OF RELATED CASES

This Complaint arises from the ministerial torts by the clerk of the United States Court of Appeals for the ninth circuit ("court of appeals" or "9th Cir.") in proceedings of, the lead case <u>In re Sivatharan Natkunanathan</u> (9th Cir. # 19-73095), and its supplemental case <u>In re Sivatharan Natkunanathan</u> (9th Cir. # 19-80163), in the court of appeals.

1. The lead case 9th Cir. #19-73095 having an antecedent basis to the lead case <u>Natkunanathan v. United States Supreme Court et. al.</u>, and **<u>Natkunanathan v. United States</u>**, [9th Cir. #15-56769] in the court of appeals. The lead case 9th Cir. #15-56769 having an antecedent basis to <u>Natkunanathan v. United States Supreme Court et. al.</u> [U.S. District Court # SACV-15-00895 DOC (JCGx)] in the district court.

2. The supplemental case 9th Cir. #19-80163 having an antecedent basis to the supplemental case <u>Natkunanathan v. Commissioner</u> [9th Cir. #15-73334] in the court of appeals. The supplemental case 9th Cir. #15-73334 having an antecedent basis to <u>Natkunanathan v. Commissioner</u> [U.S. Tax Court # 10332-14L] in the tax court.

3. The antecedent basis includes:

(i) The other closely related case In re Sivatharan Natkunanathan in the Supreme Court, without a distinct docket number [pertaining to Supreme Court docket numbers 12M94, and 12M106].

(ii) The other closely related case Natkunanathan v. United States with the following docket numbers:

Supreme Court Doc. Number:    12M106

9th Circuit Doc. Number:    11-55025

District Court Doc. Number:    SACV-10-01021 DOC (MLGx)

(iii) The other closely related case Natkunanathan v. Commissioner with the following docket numbers:

Supreme Court Doc. Number:    12M94

9th Circuit Doc. Number:    10-72151

Tax Court Doc. Number:    17291-07

4. The other closely related case is the mandamus proceeding titled In re Sivatharan Natkunanathan: Natkunanathan v. Clerk of U.S. Court of Appeals for the ninth circuit, with docket number 9th Cir. #24-00049, for correcting the docketing errors in 9th Cir. #19-73095, and 9th Cir. #19-80163, by the clerk of the U.S. Court of Appeals for the ninth circuit.

L.R. 83-1.3 Notice of Related Cases.

## NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

1. There is an unrelated immigration tort appeal proceeding in the United States Court of Appeals for the ninth circuit titled <u>Natkunanathan v. United States et. al.</u> with 9th Cir. # 24-00644, with antecedent district court docket number #SACV-20-01080-DOC (ADSx) not relating to the instant action.

L.R. 83-1.4 Notice of Pendency of Other Actions or Proceedings.

USDC Docket Number :                                                    COMPLAINT
**Natkunanathan v. United States et. al.**

# CERTIFICATION OF SERVICE

This is to certify that one copy of the foregoing **Complaint** is being served on

the defendant(s), by mailing the same through first-class certified mail of the United

States Postal Service, postage prepaid, in a sealed envelope addressed to:

Civil Process Clerk                        Attorney General of the United States
United States Attorney's Office            U. S. Department of Justice,
Central District of California             950 Pennsylvania Ave., N.W.,
Federal Building, Room #7516,              Washington, DC 20530-0001
300 North Los Angeles Street,
Los Angeles, CA 90012

A copy of the foregoing is also being served for delivery to:

Molly C. Dwyer
Clerk of U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street,
San Francisco, CA 94103

I declare under penalty of perjury under the laws of the State of California,

and the United States of America, that the foregoing is true and correct.

Dated:   January 8th, 2025              Signed:  /s/ Sivatharan Natkunanathan

                                                Sivatharan Natkunanathan

                                                        *Pro-Se Plaintiff*

District Court Docket Number:                              FACE LETTER RE: Filing of Complaint
Natkunanathan v. United States of America et. al.

January 8th, 2025

The Clerk – Civil Intake
United States District Court
Central District of California
411 West Fourth Street, Suite #1053,
Santa Ana, CA 92701-4516



Dear Sir/Madam,

## RE: Filing of Complaint

Submitted herewith, please find the documents for filing of the Complaint,

1. An original and two copies of: the Civil Cover Sheet (CV-71), Certification and Notice of Interested Parties (CV-30), and Summons in a Civil Action (AO 440) to the (i) Civil Process Clerk, United States Attorney's Office, (ii) Attorney General of the United States, and (iii) Molly C. Dwyer, Clerk of the United States Court of Appeals for the ninth circuit.

2. An original and one copy of: the Complaint, and a 'Motion to File Administrative Record(s) Under Seal';

3. An original and one copy of: Administrative Record I (UNREDACTED), Administrative Record II (UNREDACTED), and Administrative Record III (UNREDACTED), for filing under seal; and

4. An original and one copy of: Administrative Record I (REDACTED), Administrative Record II (REDACTED), and Administrative Record III (REDACTED), for filing in the public domain.

Also submitted herewith is the case initiating filing fee of U.S. $405.00.

Thanking you in advance for your professionalism on this matter.

Sincerely,

/s/ Sivatharan Natkunanathan

Sivatharan Natkunanathan

28 Urey Court, Irvine, CA 92617